UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ERIC MCREYNOLDS, | Case No. 1:22-cv-188 |
| *Plaintiff*, | |
| v. | Judge Travis R. McDonough |
| CHRISTIAN JACKSON and TANNER JACKSON | Magistrate Judge Christopher H. Steger |
| *Defendant*. | |

**ORDER**

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983 arising out of Plaintiff's allegation that Defendants used excessive force against him. (Doc. 1.) On January 20, 2023, the Court entered an order noting that the summonses Plaintiff issued for Defendants were returned unexecuted more than sixty days ago, but Plaintiff had not notified the Court that he had reissued those summonses or otherwise communicated with the Court. (Doc. 13, at 1.) The Court therefore required Plaintiff to show good cause as to why the Court should not dismiss this action pursuant to Rules 4(m) and/or 41(b) of the Federal Rules of Civil Procedure within fifteen (15) days of entry of that order and notified Plaintiff that if he did not fully and timely comply with this order, the Court would dismiss this action without further notice. (*Id.*) But Plaintiff has not complied with the Court's previous order, and his time for doing so has passed. Accordingly, for the reasons set forth below, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[1]

---

[1] The Court also notes that Rule 4(m) of the Federal Rules of Civil Procedure provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on

Rule 41(b) gives this Court the authority to sua sponte dismiss a case when a "plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b).") (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

As to the first factor, the Court finds that Plaintiff's failure to timely comply with its previous order is due to his willfulness or fault, as it appears that Plaintiff received the order and chose not to comply. As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's previous order has not prejudiced Defendants. As to the third factor, the Court notified Plaintiff that failure to timely comply with its previous order would result in dismissal of this action. (Doc. 13, at 1.) Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as Plaintiff has failed to communicate with the Court or comply with

---

its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). More than ninety days have passed after Plaintiff filed his complaint (Doc. 1), and Plaintiff has not served Defendants. While the Court gave Plaintiff notice of this and allowed him to show good cause for his failure to timely serve Defendants, he has not done so. As such, this action is subject to dismissal without prejudice under Rule 4(m). *Id.* But as this action also is subject to dismissal under Rule 41(b), the Court will dismiss on this ground instead.

the Court's clear instructions, and it does not appear that he intends to proceed with this case. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Plaintiff's pro se status does not excuse him from his failure to comply with the Court's previous order, and it does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** for want of prosecution and failure to comply with a Court order pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**